FORCHELLI, CURTO, CROWE, DEEGAN, SCHWARTZ, MINEO & COHN, LLP

COUNSELORS AT LAW

330 OLD COUNTRY ROAD
P.O. BOX 31
MINEOLA, NEW YORK 11501
TELEPHONE: (516) 248-1700
FACSIMILE: (516) 248-1729

WEBSITE:WWW.FORCHELLILAW.COM

GARY M. KUSHNER
PARTNER
GKUSHNER@FORCHELLILAW.COM

MELVILLE, NEW YORK
BY APPOINTMENT ONLY

**Via ECF**

Chief Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 1217, Courtroom 13-d
Brooklyn, New York 11201

December 18, 2008

Re:   Trejos, et al v. Edita's Bar & Restaurant, Inc. et al
       Docket No. CV-08-1477 (CBA)

Dear Chief Magistrate Judge Gold,

The undersigned is counsel for the Defendants.

I am loathe to write to the Court but I am constrained to respond to the letter of Elizabeth Wagoner, Esq. to the Court dated December 12, 2008 which has been entered on the case docket as a "Motion to Compel".

Before I address the factual misstatements contained in counsel's letter, a brief background might be in order. As the Court is no doubt aware, Plaintiffs' have compiled an army of lawyers to staff this rather simple labor claim case, including lawyers from three (3) separate law firms, with at least one lawyer from the State of Tennessee who was granted *pro hac vice* admission.

From the outset of this case, it became clear to Defendants that regardless of the factual merit, or lack thereof, upon which the complaint was framed, Defendants would nevertheless face Plaintiffs wrath through multiple, mostly unnecessary, applications to this Court filed for the singular purpose of punishing Defendants with the economic burdens of litigation.

FORCHELLI, CURTO, CROWE, DEEGAN, SCHWARTZ, MINEO & COHN, LLP
COUNSELORS AT LAW

**Page Two**                                    December 18, 2008
**Re: Trejos, et al v. Edita's Bar & Restaurant, et al**

The Court might recall that at the initial case conference, Plaintiffs' were represented by no less than eleven (11) lawyers - in stark pronouncement that they intended to spare no costs towards the way they administered the case.

Following joinder of issue, Defendants served document requests and other discovery notices which were responded to by a motion for a protective order. Plaintiffs' motion was no more than a transparent effort to compel Defendants to incur more legal fees. The transparency was revealed by Plaintiffs' position that <u>no</u> document whatsoever should be produced in response to Defendants' demands.

The Court decided Plaintiffs' motion by requiring the production of substantially all of the documents which were requested in Defendants' notice. Plaintiffs may have lost their request for a protective order, but they at least accomplished their goal of making sure that Defendants would incur significant legal fees.

In making its ruling, the Court imposed no condition on either party with respect to the issue of confidentiality. Nevertheless, contrary to the statements which appear in the letter to the Court dated December 12, 2008, it was Plaintiffs whom inexcusably insisted that Defendants sign a confidentiality agreement before they would produce those documents which the Court directed be turned over to Defendants. Although there was no duty for Defendants to sign a confidentiality agreement as a condition to their receipt of documents from Plaintiffs, in an effort to resolve this issue, Defendants agreed to meet and confer with Plaintiffs. This meeting occurred  <u>via</u> a teleconference which lasted approximately forty-five (45) minutes.

Although the letter to Court dated December 12, 2008 connotes that Defendants agreed to sign a confidentiality agreement, what was actually agreed to by the undersigned during that teleconference was an agreement to attempt to incorporate modifications, which upon further review, <u>might</u> be acceptable to my clients.

Plaintiffs recirculated another draft of the confidentiality agreement which reflected some, but not all of the proposed modifications discussed during our teleconference. However, the revised draft also contained new, more onerous conditions, never before discussed, which in my view, would likely pose the need for further motion practice.

Upon reviewing the latest draft, it became clear that Plaintiffs' efforts in this regard were intended more to keep the "meter" running, and less for purposes of confidentiality. Consequently, Defendants advised Plaintiffs that no confidentiality agreement would be signed and documents would be mailed by my office on November 26, 2008.

FORCHELLI, CURTO, CROWE, DEEGAN, SCHWARTZ, MINEO & COHN, LLP
COUNSELORS AT LAW

**Page Three**                                          **December 18, 2008**
**Re: Trejos, et al v. Edita's Bar & Restaurant, et al**

Indeed, just before the Thanksgiving holiday, I personally deposited in the mail responses to Plaintiffs' document request and interrogatories. The package was addressed to Ms. Wagoner.

I was advised the following week that Ms. Wagoner did not receive the package. I indicated that I would get her another package as quickly as possible but could not do so that day because I needed to attend to family matters relating to a rather significant surgery which my mother underwent at Weil Cornell Medical Center.

Before I could attend to the request, Ms. Wagoner wrote the letter to the Court. If the Court so directs, I will be more than happy to provide as many copies of Defendants' discovery responses as are necessary to satisfy her pleas. However, Ms. Wagoner's impatience is not only disingenuous, it is insensitive, as the facts of my inability to attend to this issue personally were made known directly to Ms. Wagoner.

It is clear to me under the circumstances that this latest "motion to compel" should have been a non-issue but was created, once again, in furtherance of Plaintiffs' efforts to, if nothing else, require Defendants to incur more legal fees.

This strategy is underscored by yet another development which has arisen after the December 12th letter to the Court. This week, I received notices of depositions of Defendants which call for the taking of examinations at the New York office of Milbank Tweed. The location of depositions was previously discussed with counsel. During those discussions, counsel was provided with authority which supported Defendants contention that depositions could not be noticed in New York because this case was an Eastern District case.

At least one firm in the stable of lawyers employed by Plaintiffs has an office in the Eastern District and my office is located in the Eastern District as well. There is little doubt that the noticing of depositions in New York, once again, is intended to create an issue when none should exist and is a setup to require the Defendants, yet again, to resolve the issue with the Court at great expense.

For the record, Defendants have their responses to Plaintiffs' discovery demands. Defendants have already delivered those responses once. Defendants await the Court's instruction, if any, as to how to resolve this issue  - bogus as it may be.

FORCHELLI, CURTO, CROWE, DEEGAN, SCHWARTZ, MINEO & COHN, LLP
COUNSELORS AT LAW

**Page Four**                                            **December 18, 2008**
**Re:  Trejos, et al v. Edita's Bar & Restaurant, et al**

Thank you again for all consideration.

Respectfully,

Gary M. Kushner
A Partner of the Firm

GMK/rrg
cc: Elizabeth Wagoner, Esq.
    Stacy J. Rappaport, Esq.
    David Colodny, Esq.
    Peter Rubin, Esq.
    Edith D'Angelo