UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIANA TREJOS, et al.,

                      Plaintiffs,

       -against-                                      ORDER
                                                                       CV-08-1477 (ARR)

EDITA'S BAR AND RESTAURANT, INC., et al.,

                      Defendants.
------------------------------------------------------------X
GOLD, S., U.S.M.J.:

       Plaintiffs move for reconsideration of my February 5, 2009 oral ruling, made on the record during plaintiff Trejos' deposition, permitting defendants to inquire whether plaintiffs had green cards or working papers. Although the logic of defendants' position has some appeal, the applicable precedent persuades me that my original ruling was incorrect as a matter of law. Thus, having reviewed the parties' submissions and cited case law, Docket Entries 32 and 34, and, for the reasons discussed below, plaintiffs' motion for reconsideration is GRANTED.

       Plaintiffs argue that the questions are not relevant to the issue of whether plaintiffs were employees of defendants for purposes of the Fair Labor Standards Act (the "FLSA"), and that the questions should be precluded in any event because of their *in terrorem* effect. Defendants respond that the information is necessary for a determination of whether certain plaintiffs were defendants' employees or, as defendants allege, independent contractors under the FLSA.

       The information – whether plaintiffs had green cards or working papers – is not relevant to the question of whether plaintiffs are employees under the FLSA. First, as even defendants acknowledge in their opposition to plaintiffs' motion, federal courts have consistently recognized that even undocumented workers are entitled to the FLSA's protections. *See*, *e.g.*, *Flores v.*

*Amignon*, 233 F. Supp. 2d 462, 463 (E.D.N.Y. 2002) (collecting cases). Second, in a case where, as here, defendants contend that plaintiffs were independent contractors and not employees subject to the FLSA, the Second Circuit applied an "economic reality" test, which considers the following factors:

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988); *see also Schwind v. EW & Assocs., Inc.*, 357 F. Supp. 2d 691, 700-02 (S.D.N.Y. 2005) (applying *Brock* and concluding that plaintiff was an employee, not an independent contractor); *Lee v. ABC Carpet & Home*, 186 F. Supp. 2d 447, 453-57 (S.D.N.Y. 2002) (applying the five factors outlined in *Brock* to determine whether a worker was an employee or an independent contractor under the FLSA); *McGuiggan v. CPC Int'l, Inc.*, 84 F. Supp. 2d 470, 479 (S.D.N.Y. 2000). Although these factors are not exclusive, and a court must consider the totality of the circumstances, *Brock*, 840 F.2d at 1059, whether or not plaintiffs had green cards or working papers is simply not relevant when applying the *Brock* test to determine whether plaintiffs are employees under the FLSA. Indeed, defendants are unable to cite a single case in which a court held that a plaintiff's immigration status, or whether the plaintiff possessed a green card or working papers, was relevant to the viability of the plaintiff's FLSA claim.

Although defendants argue in their opposition that the discovery they seek will establish that plaintiffs sought to avoid employee status, the subjective intent of the parties in forming the employment relationship has little to no significance in determining whether a plaintiff is an

independent contractor or employee. *Schwind*, 357 F. Supp. 2d at 702 (finding that plaintiff was an employee for purposes of the FLSA, even though both parties treated plaintiff as an independent contractor). *See also Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302, 105 S. Ct. 1953, 1962 (1985) (concluding that workers may be deemed employees under the FLSA, even though the workers considered themselves volunteers); *Brock*, 840 F.2d at 1059 (noting that an "employer's self-serving label of workers as independent contractors is not controlling"). One district court explicitly rejected an argument similar to the one defendants make here, noting that "neither the subjective intent of the worker in forming the employment relationship nor the label affixed by the putative employer controls the question whether a worker is an employee under the FLSA." *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 589 F. Supp. 2d 569, 577-78 (D. Md. 2008) (citing *Tony & Susan Alamo Found.*, 471 U.S. 290, 105 S. Ct. 1953). While defendants correctly point out that *Montoya* involved a motion for summary judgment and not a discovery motion, both *Flores* and *Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 192 (S.D.N.Y. 2002), held that discovery of plaintiff's immigration status should be precluded. I find these authorities persuasive and conclude that defendants' contention of their need for the information is without merit.

Defendants' reliance on *Farlow v. Wachovia Bank of N.C.*, 259 F.3d 309 (4th Cir. 2001), is misplaced. First, *Farlow* involved a discrimination claim and not a cause of action under the FLSA. Second, in *Farlow*, there was no issue concerning the discovery of plaintiff's immigration status. The court simply noted in passing that plaintiff did not complete an I-9 form (an immigration status form) or any of several other forms, many of which had nothing to do with immigration status, that defendant's employees were required to complete for its personnel files. 259 F.3d at 312. Thus, I do not find *Farlow* informative.

3

Finally, even if the information sought were somehow relevant, the *in terrorem* effect of the questions defendants seek to press outweighs the need for disclosure.  *See Flores*, 233 F. Supp. 2d at 464-65; *Liu*, 207 F. Supp. 2d at 192-93.  Indeed, despite my efforts to permit only narrow discovery of whether plaintiffs had green cards or working papers, defendants have attempted to obtain information concerning plaintiffs' immigration status through other questions.  *See* Pl. Letter dated Feb. 17, 2009 p. 4 (citing the deposition of plaintiff Diana Trejos at 56).  For these reasons, plaintiffs' motion for reconsideration is granted.  Defendants are precluded from asking plaintiffs whether they had green cards or working papers at all future depositions.

**So Ordered.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated:    Brooklyn, New York
          March 17, 2009

*U:\eoc 2009\trejos reconsideration.wpd*