UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIANA TREJOS, et al.,

                         Plaintiffs,

      -against-                                        ORDER
                                                                       CV-08-1477 (ARR)

EDITA'S BAR AND RESTAURANT, INC., et al.,

                         Defendants.
------------------------------------------------------------X
GOLD, S., U.S.M.J.:

      I have received the letters dated October 28, 2009 from defendants, Docket Entry 53, and October 30, 2009 from plaintiffs, Docket Entry 54. The defendants' application to extend the deadline for completing discovery to allow the deposition of Zulma Abrego is granted.

      I grant the application by way of a formal order rather than a marginal endorsement to express how concerned I am that matters between counsel have reached the point where, to obtain a relatively brief adjournment, a lawyer suffering from a severe illness may not rely upon the professional courtesy of his adversary counsel. Instead, defendants' counsel was forced to submit a letter setting forth the details of his medical problems, including an emergency room admission that took place during the final thirty days of the discovery period. Under these circumstances, I feel obliged to urge counsel to review and consider carefully a passage from a recent decision by Senior United States District Judge Glasser, in which he wrote:

> The suggestion that it would somehow negatively impact the zealousness of legal representation if adversaries conducted themselves with civility is utterly specious. Zealousness does not entail being abusive or using inflammatory language. Far too often is the phrase "zealous advocacy" used as a shield to defend discourteous or combative litigation tactics from censure when, in truth, incivility vitiates effective advocacy.

*Gortat v. Capala Brothers, Inc.*, Memorandum and Order dated June 3, 2009, entered as Docket Entry 136 in 07-Civ-3629, at 27-29.

Plaintiffs ask that any deposition of Abrego take place no later than Thursday, November 5, 2009. That is not a reasonable application to make on Friday, October 30, 2009. Counsel shall confer and attempt to agree upon a prompt but mutually convenient date, and advise the court when they have reached agreement.

**So Ordered.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
October 30, 2009