```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK


DIANA TREJOS, et al.,           *    Case No. 08-CV-1477(KAM)
                                *
              Plaintiffs,       *    Brooklyn, New York
                                *    June 11, 2010
      v.                        *
                                *
EDITA'S BAR AND RESTAURANT,     *
INC., et al.,                   *
                                *
              Defendants.       *
                                *
* * * * * * * * * * * * * * * * *

           TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
                 BEFORE THE HONORABLE STEVEN M. GOLD
                   UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:              MIA CARIDI KOROT, ESQ.
                                JENNIE DAWN WOLTZ, ESQ.
                                Milbank, Tweed, Hadley &
                                  McCloy LLP
                                One Chase Manhattan Plaza
                                New York, NY  10005


For the Defendant:              PETER M. RUBIN, ESQ.
                                330 Sunrise Highway, Suite 150
                                Rockville Centre, NY  11570


For the Witness                 JOSH SUMMERS, ESQ.
 Hector Colon Malavet:




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1        (Proceedings commenced at 11:00 a.m.)
2            MS. KOROT:  Mia Korot, counsel for plaintiff.
3            MR. SUMMERS:  Hi, it's Josh Summers from Moore,
4   Hochham, counsel for Hector Colon Malavet.  How are you guys
5   doing?
6            MS. KOROT:  Good.  How are you doing, Josh?
7            MR. SUMMERS:  Good, thank you.
8            THE COURT:  Judge Gold is on.  Is anybody on for
9   the defendant?
10            MR. RUBIN:  Peter Rubin.
11            THE COURT:  Hi.  Now let me call the case and get
12   everybody's appearance since we're on the record.  It's
13   Trejos versus Edita's Bar and Restaurant, 08-CV-1477.  Who'll
14   be speaking for the plaintiffs?
15            MS. WOLTZ:  Hi.  This is Jennie Woltz.
16            THE COURT:  Who'll be speaking for the defendants?
17            MR. RUBIN:  For defendant, Peter Rubin.  But I can
18   hardly hear you.
19            THE COURT:  Okay.  Is that better?
20            MR. RUBIN:  That's better.
21            MS. WOLTZ:  That's better.
22            THE COURT:  Good.  And who's on for the witness?
23            MR. SUMMERS:  Josh Summers of Moore, Hochham and
24   Horwitz for Hector Colon Malavet.
25            THE COURT:  Okay.  Mr. Summers, I haven't even

3

1  studied the exhibits to the plaintiff's letter, but what I
2  glean is that there's been no recent medical documentation
3  and there's been no date set for this deposition. I don't
4  know what he's sick with. I don't know -- I don't have a
5  showing that would excuse him from sitting. What's the story
6  here?
7       MR. SUMMERS: I understand that, Your Honor. It's
8  been tough getting in touch with Hector at certain times.
9  Mr. Colon Malavet -- Hector -- started another round of
10 chemotherapy yesterday. Apparently, they found another tumor
11 and he had a stroke behind his eye.
12      He's not doing very well and at times it's been
13 hard to even understand what he's saying because his
14 condition is kind of grave. But he is going through
15 treatment and he hopes to get better. I mean, he started
16 again. He started chemotherapy yesterday again.
17      The latest medical report that I have is as you
18 said. But it is from November of this past year. We're in
19 the process of trying to get a letter from his doctor
20 informing him and us whether or not he can sit for a
21 deposition and when he would be able to. But right now he is
22 going through chemotherapy treatments again.
23      THE COURT: Well, given the delays, that's just not
24 adequate. I'm very empathetic to his predicament, but even
25 colleagues of mine who sit in the Court and do not have to

4

1  come to work unless they choose to have continued to work
2  during chemotherapy.
3      My experience has been that often, chemotherapy
4  treatments are spaced so that the day of and the day after
5  the treatment, the patient is too ill to participate in
6  something as rigorous as a deposition, but that there are
7  days of relative wellness between treatments as well. I
8  don't what kind of cancer this is. I don't know how old your
9  client is. I don't know how the chemo is affecting him.
10      What I do know is that he first claimed to be too
11 ill to be deposed eight months ago and he's still here and
12 he's still receiving treatment and he still hopes for
13 remission.
14      And what I also know is that the plaintiffs point
15 to evidence that indicates that he continues to work as a
16 certified public accountant and to prepare documents on the
17 defendants' behalf. Well, certainly if he is able to do any
18 of that at all, he is able to sit for a deposition.
19      I've made it clear that I would allow him to be
20 deposed an hour at a time in the comfort of his own home with
21 a private nurse attending to him.
22      I will do whatever I can to accommodate his
23 illness, but he will be deposed and he will be deposed
24 promptly because he hasn't made a showing to this Court
25 despite months and months of opportunity to do it that he's

1    unable to be deposed.
2             MR. SUMMERS:  Well, you know, I do appreciate that,
3    Your Honor, and I do appreciate and understand plaintiffs'
4    counsels' efforts to -- in trying to have him deposed.
5         Again, he informs me that the work that he is doing,
6    once in a while he fills out a form for a friend but the work
7    he's doing is minimal --
8             THE COURT:  Who has he transferred the defendants'
9    accounting responsibilities to?
10            MR. SUMMERS:  I don't know the answer to that
11   question, Your Honor.
12            THE COURT:  I would like to know.  I want you to
13   get me a letter by Monday telling me.
14            Why don't you also get me a letter by Monday from
15   the doctor or produce him for a deposition on a date next
16   week that's convenient to him that you communicate to the
17   plaintiffs on Monday, or I will schedule a hearing why he
18   should not be held in contempt, because I have no way of
19   knowing whether this is his effort to avoid being deposed or
20   whether he's really on death's door and physically unable to
21   answer questions even for an hour in the comfort of his own
22   bed.  I have nothing before me.
23            MR. SUMMERS:  I do understand that, Your Honor.
24            THE COURT:  That's not acceptable.
25            MR. SUMMERS:  I'm sorry.  Did somebody -- I do ask


6

1    if the Court could give me a couple of more days past Monday
2    to try and get that letter to you because we've been trying
3    to get in touch with his doctor and I will do my best to do
4    so today and Monday morning, but if maybe I could have 'till
5    Wednesday to get a letter to the Court --
6              THE COURT:  All right.  If --
7              MR. SUMMERS:  -- regarding his --
8              THE COURT:  -- if you don't -- I'll give you 'till
9    Wednesday, but if there's no letter on Wednesday, I want a
10   waiver from your client for his medical records and I'm going
11   to give the plaintiff the opportunity to subpoena the doctor
12   as a fact witness and you can tell the doctor so.
13             MR. SUMMERS:  I will do my best to get you the
14   letter by Wednesday and if not, we will arrange to try and
15   have that waiver.
16             The only reason I ask for that time is because I
17   know that he did have a chemotherapy treatment yesterday and
18   I don't know that I'll be able to get in touch with him
19   today.  So --
20             THE COURT:  All right.  Well, you know, if -- I
21   understand and I understand that what I'm saying might sound
22   harsh to you and your client, but what the plaintiff --
23             MR. SUMMERS:  I appreciate --
24             THE COURT:  -- what the plaintiff --
25             MR. SUMMERS:  -- Your Honor's --

1          THE COURT: -- describes in its letter is that this
2  has been going on for months without a meaningful response,
3  so it makes me skeptical.
4          MR. SUMMERS: Well, we provide -- I mean, I
5  responded to every letter that they have -- that counsel has
6  sent us and I've sent over that radiological report.
7          I wasn't -- we tried to get a letter from the
8  doctor and I will do my best to get one by Wednesday and if
9  the doctor says that he can sit at home for his deposition,
10 then my goal is not to thwart the efforts to depose him, but
11 from my experience in discussing this case -- his issues with
12 him and discussing, I -- you know, it's hard for me to get
13 answers from him because he's just undergoing these
14 treatments and is a very sick man.
15         But I will -- again, I will get -- I will do my
16 best to get a letter from the doctor and forward that to the
17 Court along with who, if anybody, he transferred plaintiffs'
18 accounts to.
19         THE COURT: Mr. Rubin?
20         MR. RUBIN: Yes, Your Honor?
21         THE COURT: Who is your client's current
22 accountant?
23         MR. RUBIN: I do not know, Your Honor.
24         THE COURT: I'd like an answer by Wednesday. I
25 also want to know the status of their --

8

1        MR. RUBIN:  I don't know.
2        THE COURT:  -- 2009 tax filings by Wednesday.  I'm
3   very concerned --
4        MR. RUBIN:  Pardon me?
5        THE COURT:  I want to know the status of who filed
6   their 2009 tax return by Wednesday.
7        MR. RUBIN:  I know that last we told you, they were
8   on extension until October.
9        THE COURT:  Who filed for their extension?
10       MR. RUBIN:  I don't know, Judge.  I'll find out.
11       THE COURT:  I'd like to know by Wednesday because
12  if all of these accounting files have been transferred to
13  somebody else and we don't know that yet, it's going to be a
14  very frustrating day for the Court and the plaintiffs when we
15  learn it.
16       I'm going to put us on for another phone conference
17  after Wednesday.  Hang on.  Friday the 18th at 10 a.m. can we
18  do this again?  Plaintiff?
19       MR. RUBIN:  That's fine with Hector Colon Malavet's
20  counsel, Josh Summers.
21       MS. WOLTZ:  That's fine with plaintiffs as well.
22       THE COURT:  Mr. Rubin?
23       MR. RUBIN:  Yes, Your Honor.
24       THE COURT:  Okay.  Whoever set up this call can do
25  it again.  Thank you very much, everybody.

1                MS. WOLTZ:  Your Honor?
2                THE COURT:  Yes?
3                MS. WOLTZ:  Is that 11 a.m. as well?  June 18th?
4                THE COURT:  10 -- 10 a.m.  10 a.m.
5                MR. RUBIN:  No.  It's --
6                THE COURT:  10 a.m.
7                MS. WOLTZ:  10 a.m.
8                THE COURT:  Okay?
9                MR. SUMMERS:  Thank you, Your Honor.
10               MS. WOLTZ:  Thank you.
11               THE COURT:  Okay.  Goodbye.
12           (Proceedings concluded at 11:12 a.m.)
13       I, CHRISTINE FIORE, court-approved transcriber and
14   certified electronic reporter and transcriber, certify that
15   the foregoing is a correct transcript from the official
16   electronic sound recording of the proceedings in the above-
17   entitled matter.

*Christine Fiore*

20   _____                July 7, 2010
21      Christine Fiore, CERT