UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------- x
:
DIANA TREJOS; ROSA D'AMARIS LOPEZ; :
BERKY LOPEZ; LILIANA RUIZ FIERRO; :
AMERICA PATRICIA GONZALEZ; :
FLORICELDA ALONZO; WIDMAR MEJIA; :
EDWIN YEPES; ARNALDO PEREIRA; :
HUGO RAMIREZ; ALBERTO MARTINEZ :
NUNEZ; MERCEDES BONIFACIO; OLFA : Docket Number: 08 CV 1477 (KAM) (SMG)
LICET VELASQUEZ, GRECIA NUNEZ; :
ZULMA ABREGO; NIEVE LOPEZ; NANCY :
CRUZ; YOHANNA MARTINEZ; MARCIA :
LORA; JORGE GONZALEZ LUPI; and FIDEL :
ANDRANGO; on behalf of themselves and :
others similarly situated, :
:
                    Plaintiffs, :
:
-against- :
:
:
EDITA'S BAR AND RESTAURANT, INC., :
d/b/a Flamingo; EDITA D'ANGELO, a/k/a :
Edith D'Angelo, individually; and LUIS :
ALBERTO RUIZ, individually, :
:
                    Defendants. :
------------------------------- x

## DEFENDANTS' TRIAL MEMORANDUM

LEEDS MORELLI & BROWN, P.C.
ONE OLD COUNTRY ROAD, SUITE 347
CARL PLACE, NEW YORK 11514
516-873-9550

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ISSUE ONE:
DEFENDANT RUIZ IS NOT AN EMPLOYER .......................................................................... 1

ISSUE TWO:
THE BALLERINAS ARE INDEPENDENT CONTRACTORS ..................................................... 4

## TABLE OF AUTHORITIES

Page

STATUETES

29 U.S.C. § 203(d)..................................................................................................................1

CASE LAW

Bhanti v. Brookhaven Mem. Hosp. Med. Ctr.,
260 A.D.2d 334 (N.Y. App. Div. 1999)..................................................................................4

Brock v. Superior Care, Inc.,
840 F.2d 1054 (2d Cir. 1988)............................................................................................4, 5

Bynog v. Cipriani Group,
1 N.Y.3d 193 (2003)................................................................................................................4

Chen v. Street Beat Sportswear, Inc.,
364 F. Supp. 2d 269 (E.D.N.Y. 2005)..................................................................................2

Herman v. RSR Sec. Servs. Ltd.,
172 F.3d 132 (2d Cir. 1999)..............................................................................................1, 2

Hernandez v. Chefs Diet Delivery, LLC,
81 A.D.3d 596 (N.Y. App. Div. 2011)..................................................................................4

United States v. Silk,
331 U.S. 704 (1947)................................................................................................................4

Xue Lian Lin v. Comprehensive Health Mgmt., Inc.,
2009 WL 976835 at *2 (S.D.N.Y. 2009)..............................................................................2

## PRELIMINARY STATEMENT

Plaintiffs, Diana Trejos ("Trejos"), Rosa Damaris Lopez ("R. Lopez"); Berky Lopez ("B. Lopez"), Liliana Ruiz Fierro ("Fierro"), America Patricia Gonzalez ("Gonzalez"), Floricelda Alonzo ("Alonzo"), Widmar Mejia ("Mejia"), Edwin Yepes ("Yepes"), Arnaldo Pereira ("Pereira"), Hugo Ramirez ("Ramirez"), Alberto Martinez Nunez ("A. Nunez"), Mercedes Bonifacio ("Bonafacio"), Olfa Licet Velasquez ("Velasquez"), Grecia Nunez ("G. Nunez"), Zulma Abrego ("Abrego"), Nieve Lopez ("N. Lopez"), Nancy Cruz ("Cruz"), Yohanna Martinez ("Martinez"), Marcia Lora ("Lora"), Jorge Gonzalez Lupi ("Lupi") and Fidel Andrango ("Andrango"), bring this action pursuant to the FLSA and New York Labor Law against Defendants, Edita's Bar and Restaurant, Inc., d/b/a Flamingo ("Flamingo"), Edita D'Angelo, a/k/a Edith D'Angelo ("D'Angelo"), and Luis Ruiz ("Ruiz") ("Defendants"). Defendants submit this Trial Memorandum pursuant to the Court's April 29, 2011 Order.

## ISSUE ONE:
## DEFENDANT RUIZ IS NOT AN EMPLOYER

Under the FLSA an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An entity "employs" an individual if it "suffer[s] or permit[s]" that individual to work. Id. § 203(g).

To determine whether an individual qualifies as an "employer" under the FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic reality' presented by the facts of each case." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999). To assess the "economic reality," courts evaluate the totality of the circumstances and look to whether the individual: (1) was able to hire and fire employees; (2) controlled work schedules or employment conditions; (3) determined the rate and method of payment; and (4) maintained employment records. Herman,

172 F.3d at 139; Xue Lian Lin v. Comprehensive Health Mgmt., Inc., 2009 WL 976835 at *2 (S.D.N.Y. 2009). No one factor is dispositive and the Second Circuit has counseled Courts against confining themselves to a "narrow legalistic definition." Herman, 172 F.3d at 139. Federal Courts use the same standards to analyze New York State Labor Law claims. Chen v. Street Beat Sportswear, Inc., 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005).

Here, the facts that will be presented at trial will show that the totality of the circumstances favors a finding that Ruiz is not an employer. Upon his hire, Ruiz worked as a cashier to take the money waiters collected from customers paying their beverage bills. In such position, Ruiz had no control over employees. Merely, he acted as an intermediary between the waiters and the cash register. Such work does not satisfy any of the Herman factors so he can not be found to be an employer prior to 2007.

Similarly, Ruiz cannot be found to be an employer of the waiters or dancers[1] in or after 2007. In 2007, Ruiz began working as an assistant to Edith, the owner and operator of the establishment. Ruiz's responsibilities included: (i) checking on security (e.g. ensuring the security guards were performing their duties to check that customers were not abusing the dancers and that the customers were not gets drunk,), (ii) going to the bank, (iii) buying items the business needed, (iv) driving Edith around, as necessary, (v) checking the surveillance cameras, and (vi) ensuring the business's property was in working order.

Contrary to the Herman factors, Ruiz does not satisfy any of the elements of the economics reality test. Ruiz does not own any part of the business; he reports to Edith. He does not tell the waiters how to wait tables or how to perform any other part of their job, nor does he tell the dancers how to dance. Similarly, the coordinators, who ensure that there are no problems

---

[1] As discussed in Issue Two, infra, the dancers are independent contractors and are not employees of any of the Defendants.

2

on the dance floor, that the bars are stocked and that the bathrooms are clean, report to Edith, not to Ruiz.

Edith also has control over the waiters. Edith speaks with every waiter who wants a job and then the coordinator checks the employment application. Ruiz has no control over the firing, hiring, or paying of waiters. Although he checks on whether waiters are performing good service and/or stealing, he reports his findings to Edith and takes no independent action. In fact, if he finds that a waiter is engaged in misconduct, he tells Edith. He has never personally made the decision to fire a waiter. When Plaintiff, Widmar Chacon was fired, Edith made that decision.

Ruiz's relationship with other Flamingo employees further supports the conclusion that Ruiz is not an employer. The DJ's and crowd motivators speak with Edith when they have any kind of problem. Edith, not Ruiz, trains Bartenders and Ruiz does not know how employees get paid.

Defendants anticipate that Plaintiff's testimony will support the fact that Ruiz is not an employer. For instance, when Plaintiff Widmar went to the Flamingo for the first time to inquire about a job, he asked a waiter to identify the person in charge of the club. The waiter pointed to Nancy. Accordingly, non-party waiters considered Nancy, not Ruiz, to be "in charge." Moreover, when Widmar met with Nancy, she held herself out as the manager. Nancy told Widmar to start working as a motivator. Widmar also occasionally worked as the DJ. The Flamingo's other DJ, not Ruiz, trained, Widmar how to work as a DJ.

When Widmar arrived at work, he reported to Edith. He reported to Ruiz only sometimes. Furthermore, when Widmar wanted to work more hours as a DJ he asked Edith,

clearly demonstrating Widmar's acknowledgment that Edith was responsible for employment decisions such as controlling work schedules and salaries.

At most, Ruiz satisfies only half of one factor of the economic realities test, the conditions of employment factor. Thus, he cannot fairly be said to be an employer.

## ISSUE TWO:
## THE BALLERINAS ARE INDEPENDENT CONTRACTORS

To determine whether a worker is an independent contractor or an employee, the "critical inquiry" is the degree of control asserted by the "purported employer over the results produced." Hernandez v. Chefs Diet Delivery, LLC, 81 A.D.3d 596, 597 (N.Y. App. Div. 2011) (quoting Bynog v. Cipriani Group, 1 N.Y.3d 193, 198 (2003)). "Minimal or incidental contact" does not establish an employment relationship. Id. (quoting Bhanti v. Brookhaven Mem. Hosp. Med. Ctr., 260 A.D.2d 334, 335 (N.Y. App. Div. 1999)). The most significant factor to consider is the employer's "[c]ontrol over the means" of production. Id. Other factors to consider include

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir. 1988) (citing United States v. Silk, 331 U.S. 704, 716 (1947)).

Here, the evidence that will be presented at trial will show that the ballerinas who danced at Flamingo were independent contractors. Basically, the Flamingo rented dance floor space to the ballerinas who would dance for Flamingo customers. Ballerinas were charged for their use of the dance floor space and would directly charge the customers for dancing. The ballerinas kept all the money they earned from dancing and the Flamingo did not otherwise charge the

4

patrons for the ballerinas. Since the Flamingo reserved dance floor space for ballerinas who had agreed to rent on a particular date and time, the Flamingo penalized renters who did not actually appear, since that floor space could have been rented to another ballerina who wanted to dance that night.

Although the ballerinas follow certain guidelines, those guidelines are established by the ballerinas themselves. For instance, the ballerinas decided to charge customers two dollars a song to dance and they set their own schedules. Ballerinas learn these rules from other ballerinas who have been dancing at the Flamingo for a longer time. Periodically, the dancers hold meetings. At these meetings, the ballerinas will tell a dancer who is not following their rules that she must stop dancing at the Flamingo. For instance, Diana Trejos was told by the other ballerinas that she could no longer dance at the Flamingo because she was charging too much for a dance.

At trial, Defendants will concede that they have established certain expectations for the ballerinas who dance at the club regarding their conduct while in the club. However, these expectations ensure that the restaurant is operating legally and will not be closed for illegal conduct. For example, the ballerinas are expected not to engage in prostitution. Additionally, it is expected that the ballerinas will not drink to the point of getting drunk while in the Flamingo. These expectations ensure the safety of the customers, ballerinas, and employees and are not imposed as a means to control the production of the ballerinas. In fact, the Flamingo does not train the ballerinas to dance or otherwise direct the means by which they perform their dancing.

Analysis of the five Brock factors does not change the result that the ballerinas are independent contractors. The ballerinas' opportunity for profit or loss directly relates to their ability to convince a customer to pay for a dance and such ability also bears on the third factor

regarding skill and independent initiative. The ballerinas are free to work for as many days, weeks, or months, as they desire, thus the permanence of the working relationship favors a finding that they are independent contractors. As to whether the work is integral to the business, the Flamingo is a restaurant and bar. Although the ballerinas may help attract customers to the business, they are not integral since without the ballerinas, the business could continue to operate as a restaurant and a bar. Moreover, the business does not directly profit from the ballerinas since the customers pay the ballerinas directly.

In sum, the Falmingo rents dance space to dancing ballerinas who charge Flamingo customers to dance. The Flamingo sets certain expectations for behavior for the dancers it allows into its business just as a landlord may set certain conditions on a renter, such as no pets or no smoking. These expectations do not assert the level of control necessary to convert the relationship into that of employer-employee. Accordingly, the ballerinas are independent contractors and are not entitled to the protections of the FLSA.

Dated: Carle Place, New York
      June 17, 2011

                              Respectfully submitted,

                              LEEDS, MORELLI & BROWN, P.C.
                              *Attorneys for Defendants*
                              One Old Country Road, Suite 347
                              Carle Place, N.Y. 11514
                              (516) 873-9550

By: _____
                              THOMAS RICOTTA